UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DOMINGUEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado corporation,<br><br>Defendant. | No. 1:22-cv-01431-ADA-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS<br><br>(ECF No. 8) |

This matter is before the Court on Plaintiff Christopher Dominguez's motion to remand this action to the Superior Court of California, County of Kings. (ECF No. 8.) Pursuant to the Court's standing order and Local Rule 230(g), the Court took this matter under submission to be decided on the papers on December 6, 2022. (ECF No 9.) For the reasons stated below, the Court will grant Plaintiff's motion to remand.

**I.**

**Background**

On August 25, 2022, Plaintiff initially filed this representative California Private Attorneys General Act ("PAGA") action in the Superior Court of California, County of Kings alleging violations of California Labor Code § 2698, *et seq.,* as an individual and on behalf of all others

1

similarly situated. (*See* ECF No. 1 at 36-42, Ex. 6.) On October 27, 2022, Plaintiff filed the now operative First Amended Representative Action Complaint alleging a single cause of action for violation of PAGA, Labor Code § 2698, *et seq.*, predicated on Defendant Leprino Foods Company's alleged violations of: (1) California Labor Code §§ 201-204 and 246, Defendant's failure to incorporate all non-discretionary incentive wages in the regular rate of pay used to calculate and pay sick pay wages; and (2) California Labor Code § 226, Defendant's failure to provide accurate itemized wage statements. (*Id.* at 25-31, Ex. 5.)

On November 4, 2022, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the basis that federal question jurisdiction exists because Plaintiff's sick pay claim[1] is preempted under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (*Id.* at ¶¶ 10-11.) On December 5, 2022, Plaintiff filed this motion to remand alleging that none of his claims are federally preempted by Section 301 of the LMRA because his employment with Defendant was not governed by a qualifying Collective Bargaining Agreement ("CBA"). (*See* ECF No. 8.) Defendant filed its opposition on December 19, 2022, and Plaintiff filed his reply on December 29, 2022. (ECF Nos. 10, 11.)

## II.

## Legal Standard

A lawsuit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over the removed action], the case shall be remanded." 28 U.S.C. § 1447(c). The party invoking the statute has the burden of establishing proper removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). The removal statute is

---

[1] Defendant posits that the other PAGA claims Plaintiff asserted that are separate from and independent of those arising under Section 301 of the LMRA are properly in federal court pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. (*See* ECF No. 10 at ¶ 18.)

strictly construed against removal jurisdiction. *Durham v. Lockheed Martin Corp*, 445 F.3d 1247, 1253 (9th Cir. 2006). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

Generally, federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This is because "the plaintiff is the master of the complaint," and has the right to, "by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398–99; *see also Dennis v. Hart,* 724 F.3d 1249, 1252 (9th Cir. 2013).

### III.

### Jurisdiction and Preemption Under Section 301 of the LMRA

Section 301 of the LMRA states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The Ninth Circuit has recognized that although federal preemption is generally a federal affirmative defense that does not allow removal to federal court, Section 301 "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Also, Section 301 has long been interpreted to "authoriz[e] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id*. at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). However, the Supreme Court stressed that Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."

1   *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). "To extend § 301 preemption beyond its definite
2   role 'would be inconsistent with congressional intent.'" *Curtis*, 913 F.3d at 1152 (quoting *Lueck*,
3   471 U.S. at 212).

4   To determine whether a claim is preempted and to ensure that Section 301 preemption does
5   not go beyond Congress' intent, courts apply a two-step inquiry—the *Burnside* test. *See Burnside*
6   *v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007). The first question is "whether the asserted
7   cause of action involves a right conferred upon an employee by virtue of state law," or conferred
8   by a CBA. *Burnside*, 491 F.3d at 1059. At this step, the court considers "the legal character of a
9   claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a
10  grievance arising from 'precisely the same set of facts' could be pursued." *Livadas*, 512 U.S. at
11  123 (internal citations omitted). If the right is conferred solely by the CBA, the claim is preempted.
12  *Burnside*, 491 F.3d at 1059. If not, courts proceed to the second step and ask whether the right is
13  "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.*
14  (citations omitted). If the claim requires interpretation of the CBA, the claim is preempted; if the
15  claim merely requires "looking to" the CBA, it is not preempted. *Burnside,* 491 F.3d at 1060.
16  "[T]he term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,'
17  or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp*., 208 F.3d 1102, 1108 (9th Cir. 2000).
18  Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its
19  inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at
20  386-87.

21                                      **IV.**
22                                  **Discussion**

23  In the motion, Plaintiff asserts that Defendant improperly removed this action to federal
24  court because Plaintiff was not a member of any union during his employment and did not pay any
25  membership fees. (ECF No. 8 at 3.) As such, Plaintiff posits that the CBA attached to Defendant's
26  notice of removal did not govern the terms and conditions of his employment with Defendant. (*Id*.)
27  Defendant does not dispute that a CBA did not govern Plaintiff's employment; instead, Defendant
28  alleges that Plaintiff's sick pay claim is preempted because the employment of many of the

4

allegedly aggrieved employees that Plaintiff seeks to represent is governed by a CBA. (ECF No. 10 at 12.) Defendant further argues that LMRA does not require that Plaintiff be a signatory to the CBA for Section 301 preemption to apply. (ECF No. 10 at 16 *citing Painting & Decorating Contractors Ass'n of Sacramento, Inc. v. Painters & Decorators Joint Comm. of E. Bay Ctys., Inc.*, 707 F2d 1067, 1071 (9th Cir. 1983)).)  In *Painting & Decorating Contractors Association of Sacramento, Inc., supra,* the Ninth Circuit found that "Section 301(a) does not contain any requirement that the parties to an action brought thereunder must also be the parties to the allegedly breached contract . . . jurisdiction is not dependent upon the parties to the suit but rather the nature or subject matter of the action.  Jurisdiction exists as long as the suit is for violation of a contract between a union and employer even if neither party is a union or an employer."  As explained below, the Court finds that because the Defendant cannot show that the Plaintiff is subject to a qualifying CBA and cannot otherwise meet the second step of the *Burnside* two step inquiry, Plaintiff's individual claims for California Labor Code violations do not give rise to section 301 preemption.  Therefore, this Court lacks subject matter jurisdiction over the PAGA claim.

The California Supreme Court explained that PAGA does not create any substantive rights and does not impose any legal obligations. *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 1003 (2009).  Instead, "[i]t is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies." *Id.*  Thus, "PAGA claims are derivative of the predicate California Labor Code violations, and therefore rise and fall with those underlying claims*.*" *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (citing *Curtis*, 913 F.3d at 1150 n.3 (noting that the PAGA claim depended on the predicate California Labor Code violation)).

In *Stoddart v. Heavy Metal Iron, Inc.*, No. 2:22-cv-01532-DAD-DB, 2023 WL 2524313, (E.D. Cal. Mar. 15, 2023), the court remanded the case to state court finding that it lacked subject matter jurisdiction over plaintiff's PAGA claim because the Court lacked subject matter jurisdiction over plaintiff's individual claims for California Labor Code violations. *Id*. at *5.  In *Stoddart*, it was undisputed that the plaintiff was not covered by a qualifying CBA and Defendant's main

1    argument for preemption was that the plaintiff's representative PAGA claim covered some
2    employees who were subject to a qualifying CBA. *Id.* at *3.

3          Like in *Stoddart*, it is undisputed that Plaintiff is not covered by a qualifying CBA. (ECF
4    Nos. 8, 10, 11.) Also, like in *Stoddart,* Defendant seeks preemption because some of the allegedly
5    aggrieved employees that Plaintiff is seeking to represent are covered by qualifying CBA. (*Id*.)
6    Since Plaintiff is not covered by a qualifying CBA, this Court lacks subject matter jurisdiction over
7    Plaintiff's underlying predicate California Labor Code violations and thus, lacks jurisdiction over
8    the PAGA claim. *See Stoddart, 2023 WL 2524313* at *5 ("Because defendants have failed to show
9    that plaintiff is subject to a qualifying CBA, plaintiff's individual claims for California Labor Code
10   violations do not involve a right that 'exists solely as a result of the CBA,' and thus § 301 does not
11   preempt them.").

12         Here, Defendant contends that Plaintiff's PAGA claims are removable because some of
13   those claims are preempted by a qualifying CBA and therefore, Plaintiff's claim must come with
14   them. *See Rivera v. AHMC Healthcare, Inc.*, No. CV 22-104-DMG (AFMx), 2022 WL 716094, at
15   *3 (C.D. Cal. Mar. 10, 2022). However, Defendant has not provided this Court with any support
16   that their interpretation of PAGA is correct. (*See* ECF Nos. 1, 10.) This alone would require
17   remand to state court as it is Defendant's burden to show that removal of this action to federal court
18   is proper. *See Placer Dome, Inc.*, 582 F.3d at 1087 ("The burden of establishing that removal is
19   proper falls to the party invoking the statute"); *See Matheson*, 319 F.3d at 1090 (noting that a federal
20   court must reject jurisdiction and remand the case to state court if there is any doubt as to the right
21   of removal).

22         Furthermore, this Court's adoption of Defendant's construction of PAGA claims would run
23   afoul of the federal labor policy behind Section 301 preemption wherein "complete preemption
24   under section 301 is intended to promote uniformity and consistency in the interpretation of
25   collective bargaining agreements." *See Rivera*, 2022 WL 716094, at *3 (citing *Lueck*, 471 U.S. at
26   209-10). Here, Plaintiff's claim is not covered by a qualifying CBA which means that there is no
27   need to interpret one. In light of this, the federal labor policy underlying preemption under Section
28   301 would not be served by exercising jurisdiction in this case. *Id*.

## V.

## Conclusion

Accordingly, for the reasons explained above,

1. Plaintiff's motion to remand this action, (ECF No. 8), is GRANTED;
2. This action is remanded to the Superior Court of California, County of Kings; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 27, 2023

UNITED STATES DISTRICT JUDGE